**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

KENNETH ALLEN RAY, AIS 265617,   :

    Plaintiff,   :

vs.   :   CA 17-0186-WS-MU

KENNETH PETERS, et al.,   :

    Defendants.

**REPORT AND RECOMMENDATION**

This prisoner action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.2(a)(2)(R), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action, without prejudice, based upon petitioner's failure to prosecute this action and comply with the Court's orders dated May 2, 2017 (Doc. 10) and May 19, 2017 (Doc. 15).

Kenneth Allen Ray initially filed a § 1983 complaint in the United States District Court for the Middle District of Alabama on March 23, 2017, complaining about certain conditions of his confinement in the segregation unit at Fountain Correctional Facility ("FCC") in Atmore, Alabama. (*See* Doc. 9, COMPLAINT.) After Ray's action was transferred to this Court (*see* Doc. 9, Order of Transfer dated April 28, 2017), the undersigned entered an order on May 2, 2017, instructing Plaintiff to file his complaint on this Court's § 1983 form and his motion to proceed without prepayment of fees on this Court's form not later than May 23, 2017 (Doc. 10). Ray was informed that his "[f]ailure to comply with this order within the prescribed time or to notify the Court

immediately of a change in address will result in the dismissal of this action for failure to prosecute and to obey the Court's order." (*Id*. at 1.)

On May 12, 2017, Ray filed a motion to appeal filing fee, therein complaining that prison officials at FCC had refused to assist him in providing this Court with a financial statement containing all transactions in his prison account for the six months preceding the filing of his complaint to support his request to proceed *in forma pauperis.* (Doc. 13; *compare id. with* Doc. 15.) The undersigned's staff investigated Ray's allegations and learned from Acting Warden Peters that Plaintiff would not have experienced any problems upon submission of paperwork to the proper official and, further, that Plaintiff was no longer confined at FCC. (Doc. 15, at 1 (confirming Warden Peters' information that Ray had been transferred to the Mobile County Metro Jail to serve the remainder of his sentence)). Despite Plaintiff's failure to notify this Court of his new address (*compare id.* at 2 *with* Doc. 10, at 1), the undersigned did not take any action to recommend that Plaintiff's action be dismissed without prejudice (*see id.*); instead, the undersigned granted Plaintiff's motion to appeal filing fee "to the extent" that he was extended a period of time, up to and including June 5, 2017, to file his motion to proceed without prepayment of fees (Doc. 15, at 1-2), and instructed the Clerk's Office to send a copy of the order addressed to Ray "both at FCC and the Mobile County Metro Jail." (*Id.* at 2.)[1] Plaintiff's deadline for filing his complaint on this Court's form, however, was not extended because he had indicated no problem in completing his complaint. (Doc. 15, at 2 n.1.)

---

[1] The docket sheet reflects that the Clerk's Office complied with the undersigned's instructions. (*See* Docket Sheet Entry for May 19, 2017.)

To date, Ray has not followed this Court's orders instructing him to re-file his action on this Court's form for a complaint under 42 U.S.C. § 1983 not later than May 23, 2017 (*compare* Doc. 10, at 1 *with* Doc. 15, at 2 n.1) or the orders to file a completed motion to proceed without prepayment of fees on this Court's form by the "extended" deadline of June 5, 2017 (*see* Doc. 15, at 2; *compare id. with* Doc. 10).[2]

An action may be dismissed if the petitioner fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, Plaintiff has not complied with this Court's orders dated May 2, 2017 and May 19, 2017 by filing his complaint on this Court's § 1983 form by May 23, 2017 and by filing his motion to proceed without prepayment of fees on this Court's IFP form by June 5, 2017 (*compare* Docket Sheet *with* Docs. 10 & 15); therefore, it is recommended that the Court **DISMISS** Ray's action pursuant to Fed.R.Civ.P. 41(b) based upon his failure to prosecute this action by following this Court's lawful orders.

---

[2] Plaintiff has in no manner confirmed his transfer to the Mobile County Metro Jail; however, his total silence confirms that he is housed at the Mobile County Metro Jail completing his sentence and is content with that transfer, so much so that he no longer wishes to pursue his civil rights complaint against officials at FCC.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 21st day of June, 2017.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**